**O**

# United States District Court
# Central District of California

| | |
|---|---|
| PAULINA GONZALEZ-CHAVEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION et al.<br><br>    Defendants.<br>_____<br><br>MILE HIGH EQUIPMENT, LLC<br><br>    Cross-Claimant,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, CORNELIUS, INC. and ROES 1-10<br><br>    Cross-Defendants.<br>_____<br><br>MILE HIGH EQUIPMENT, LLC<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>SMITH and GREENE COMPANY and MOES 1-10<br><br>    Third-Party Defendants. | Case No. 2:18-cv-10163-ODW (GJSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT [39, 40]** |

## I. INTRODUCTION

Third Party Plaintiff Mile High Equipment, LLC ("Mile High") moves to modify the Scheduling Order and moves for leave to file a First Amended Third-Party Complaint ("FATPC") (collectively, "Motions"). (Mot. to Modify Scheduling Order ("Mot. to Modify") 1, ECF No. 40; Mot. for Leave to File First Am. Third-Party Compl. ("Mot. to file FATPC") 1, ECF No. 39.) For the reasons that follow, the Court **GRANTS** Mile High's Motions.[1]

## II. BACKGROUND

On September 28, 2018, Plaintiff Gonzalez-Chavez filed suit in Los Angeles County Superior Court against Costco Wholesale Corp. and other entities for her injuries arising from a slip and fall on October 24, 2016. (Notice of Removal Ex. A ("Compl.") 1–5, ECF No. 1-2.) Plaintiff alleged that Mile High "manufactured, installed, distributed, supplied and serviced the ice making equipment . . . which was attached to the top of the soda dispensing machine." (Mot. to file FATPC 1; Compl. 5.)

On March 11, 2019, Mile High filed a Third-Party Complaint against Smith and Greene Company for indemnity and contribution. (*See* Third-Party Compl. ("TPC"), ECF No. 18.) Mile High discovered that Smith and Green Company hired IMS Refrigeration, Inc., Norm's Refrigeration, LLC, and McGovern and Sons U S C E S LLC, but Smith and Green Company, itself, did not install, maintain, or repair the subject machines. (Mot. to Am 1.) On August 26, 2019, after considering the parties' joint stipulation, the Court issued an order dismissing Smith and Green Company as a third-party Defendant. (*See* Minute Order, ECF No. 38.) At present, Mile High files the Motions to add the entities that installed the machines at issue. (Mot. to Am 1.)

In the Scheduling and Case Management Order ("Scheduling Order") governing this case, the Court set July 22, 2019, as the deadline to hear motions to

---

[1] After considering the papers filed in connection with the Motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

amend the pleadings or add parties; January 6, 2020, as fact discovery cutoff; and trial to commence on June 2, 2020. (Scheduling Order 24, ECF No. 31.) On September 9, 2019, Mile High moved to modify the Scheduling Order and file a FATPC, and set the motion for hearing on October 21, 2019. (*See* Mot. to Modify.) Thus, pursuant to Local Rule 7-9, Hernandez's oppositions were due no later than September 30, 2019. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, no opposition has been filed.

### III. PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, parties received notice of the motions and had ample opportunity to respond; however, they failed to oppose or otherwise respond. Parties are represented

by counsel in this matter and their attorneys are registered CM/ECF user who receives notice of electronic filings in this action. As such, the Court construes failure to respond to Mile High's motions as consent to the Court granting them.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Mile High's motions.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mile High's motion to amend the Scheduling Order. The deadline to add a party to a complaint is extended through **November 6, 2019**. No other dates are modified. The Court **GRANTS** leave to amend the third-party complaint.

**IT IS SO ORDERED.**

October 23, 2019

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE